IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EMANUEL COLEMAN,

   Plaintiff,    :  Case No. 3:06-cv-143

              District Judge Thomas M. Rose
  -vs-          Chief Magistrate Judge Michael R. Merz
             :
MONTGOMERY COUNTY BOARD
 OF COUNTY COMMISSIONERS,

   Defendant.

**ORDER TO CLERK**

  This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>  (A) the allegation of poverty is untrue; or
>  (B) the action or appeal --
>  (i) is frivolous or malicious;
>  (ii) fails to state a claim upon which relief can be granted; or
>  (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an

arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324; *McGore v. Wrigglesworth,* 114 F. 3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F. 2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F. 2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). §1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status. *Benson v. O'Brian,* 179 F. 3d 1014 (6th Cir. 1999). Filing an *in forma pauperis* application tolls the statute of limitations. *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F. 3d 644, 648 (6th Cir. 1998)(federal question cases).

Upon examination of the Complaint, it appears to claim that Plaintiff was subjected to racial discrimination in his employment by Defendant Montgomery County Board of County Commissioners. On its face, this would appear to be sufficient to state a claim for deprivation of equal protection, actionable under 42 U.S.C. §1983.

Accordingly, the Clerk may issue process for service by the United States Marshal when Plaintiff tenders the proper forms for service.

May 12, 2006.

s/ Michael R. Merz<br>Chief United States Magistrate Judge

H:\DOCS\Coleman v. MontCty 01.wpd